NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARISELA NUNEZ, | No.   18-71225 |
| Petitioner, | Agency No. A096-340-608 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2020[**]

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Marisela Nunez, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen.  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of discretion the

denial of a motion to reopen and review de novo claims of due process violations.

*Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003).  We deny in part and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Nunez's untimely motion to reopen for failing to demonstrate she acted with the due diligence required for equitable tolling. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (due diligence requires that petitioner took reasonable steps to investigate prior counsel's suspected error, or, if petitioner was ignorant of counsel's shortcomings, made reasonable efforts to pursue relief).

We lack jurisdiction to review the BIA's denial of sua sponte reopening, where Nunez has not raised a legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

Nunez's contention that the BIA violated her right to due process fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**